UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ARCHBISHOP BERNADINE TURNER,
PHD.DD

CIVIL ACTION

VERSUS

NUMBER 14-347-SDD-SCR

ANADARKO PETROLEUM, ET AL


**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 9, 2015.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARCHBISHOP BERNADINE TURNER, PHD.DD

CIVIL ACTION

VERSUS

NUMBER 14-347-SDD-SCR

ANADARKO PETROLEUM, ET AL

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Archbishop Bernadine Turner, PhD.DD, filed a Motion for Summary Judgment, which the clerk of court docketed as a complaint in a civil action. In her motion/complaint she named as defendants numerous persons, corporations and other entities. The essence of her motion is that she believes she is entitled to share in an inheritance as an heir of Ned and Nannie Turner. Throughout her motion/complaint, the plaintiff refers to a civil action then pending in the United States District Court for the Western District of Louisiana, *Exco Operating Company, L.P. v. Evelyn Arnold, et al.*, CV 10-1838. Plaintiff takes issue with the outcome of that case and the manner in which the case was decided.

A review of the record of that case shows that it was an interpleader action brought by Exco Operating Company, L.P. for the purpose of determining the rightful heirs to the proceeds from a mineral-producing property. The district judge there adopted the recommendation of a court-appointed special master that certain

individuals were the rightful heirs.[1] One of the heirs appealed one aspect of the judgment, which judgment was subsequently affirmed.[2] Plaintiff's disagrees with the special masters report and recommendation as well as the outcome of the case.

At the heart of this motion/complaint is a dispute over the payment of royalties, which is a matter of Louisiana contract law. As to the motion/complaint itself, the plaintiff alleged that the special master - who is not a named defendant - was incompetent, the district and magistrate judge should have recused themselves for bias, and a jury trial should have been held. Plaintiff asked that summary judgment be granted and an injunction be issued. While the plaintiff vaguely alleged that the Western District proceedings were "unfair, illegal, bias[ed] and UN Constitutional" (sic), and it was "a kangaroo court proceeding that [was] unconstitutional, racist, ruthless, devieous, and a conspiracy" (sic), the plaintiff did not alleged how any named defendant violated a specific federal rights.

Treating the plaintiff's motion as a complaint in a civil action, it is not apparent how this court has subject matter

---

[1] The special master issued his report on May 29, 2013, and the district judge enter his judgment on September 6, 2013. Motions for new trial were filed, and as a result of the ruling on one of them an amended judgment was issued on September 24, 2014. While the new trial motions were pending in the Western District, plaintiff filed her motion/complaint in this court on June 3, 2014.

[2] *Exco Operating Company, L.P. v. Evelyn Arnold, et al*, No. 13-31043 (5th Cir. 9/4/2014).

jurisdiction. Plaintiff is apparently a Louisiana citizen living in Baton Rouge, Louisiana. Plaintiff did not allege or otherwise identify the citizenship of any of the defendants. However, at least several of them - attorneys Edwin K. Theus, Jr., Robert J. Boseman, Yumeaka R. Washington, James C. McMichael, Jr., Travis M. Holly and Paul D. Spillers - are apparently also Louisiana citizens. These persons were attorneys for one or more of the parties in the Western District case, and all of them have addresses in Louisiana according to the case docket sheet. Thus, there is no apparent basis for the court to exercise diversity jurisdiction under 28 U.S.C. § 1332.

Nor is there any basis for the court to exercise federal question jurisdiction under 28 U.S.C. § 1331. Although there are references in the motion to violations of the plaintiff's rights, she does not clearly allege fact describing what each - or any - defendant did, or failed to do, that violated a specific federal Constitutional right.

"Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

3

1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007) (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id*. at 1949-50 (internal quotation marks omitted). Vague allegations of a conspiracy or criminal conduct are not sufficient to state a federal claim. *See*, *Tower v. Glover*, 467 U.S. 914, 105 S.Ct. 2820 (1984); *Arseneaux v. Roberts*, 726 F. 2d 1022 (5th Cir. 1982).

Finally, insofar as the plaintiff is dissatisfied with the

4

proceedings in, or the outcome of, the Western District case, this court has no jurisdiction to review the correctness of any order, ruling or judgment issued in that case. Those are matters which should have been directed to that court or to the Fifth Circuit Court of Appeals. Plaintiff cannot simply file an action in this court, naming as defendants some of the parties and attorneys in the Western District case, as a means of obtaining review or reconsideration by this court of that court's actions.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion for Summary Judgment be treated as a complaint in civil action and be dismissed for lack of subject matter jurisdiction, unless within such time as the court may allow the plaintiff files an amended complaint which alleges the factual and legal basis for this court to exercise subject matter jurisdiction.

Baton Rouge, Louisiana, February 9, 2015.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE